FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 09 2017

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WILLIAM HULL**                                                            **PLAINTIFF**

vs.                              Case No. 4:17-cv-_383-JM_

**HENDERSON SPECIALTIES, INC.**                                  **DEFENDANT**

<u>**ORIGINAL COMPLAINT**</u>   This case assigned to District Judge _Moody_
                                                         and to Magistrate Judge _Kearney_

COMES NOW Plaintiff William Hull, by and through his attorneys Steve Rauls and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Henderson Specialties, Inc. ("Defendant"), does hereby state and allege as follows:

**I.**

**JURISDICTION AND VENUE**

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff overtime compensation for all hours that Plaintiff worked in excess of forty (40) per workweek.

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Arkansas, offering design engineering services in Russellville, Arkansas.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

5. Plaintiff William Hull was employed by Defendant in Russellville, Arkansas.

6. The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.

## THE PARTIES

7. Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Arkansas. At all times relevant to the allegations in this Complaint, Plaintiff was an hourly-paid employee at Defendant's facility in Russellville.

8. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

9. At all times material herein, Plaintiff has been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

10. Defendant is an "employer" within the meaning set forth in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

11. Defendant is domestic, for-profit corporation located in Russellville, Arkansas, providing its clients with design engineering services.

12. Defendant has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

13. At all relevant times, Defendant's gross volume of sales or business done has exceeded $500,000.00 per year.

14. Defendant's registered agent for service of process for the state of Arkansas is Paul Henderson, 2008 East Second Street, Russellville, Arkansas 72801.

### III.

### **FACTUAL ALLEGATIONS**

15. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

16. During the period relevant to this lawsuit, Plaintiff worked for Defendant as a Supervisor.

17. Plaintiff was classified by Defendant as non-exempt under the FLSA, and was paid an hourly rate.

18. Defendant recorded Plaintiff's regular working time using paper time sheets.

19. Plaintiff was scheduled to, and did, work more than forty (40) hours in most work weeks.

20. Defendant only allowed Plaintiff to record on his time sheets the time he spent at work sites and traveling between work sites.

21. Defendant routinely required Plaintiff to continue working after the end of his scheduled shifts, including taking calls from management.

22. Defendant did not allow Plaintiff to report his after-hours work on his time sheets, nor did Defendant compensate Plaintiff for his after-hours work.

23. Plaintiff worked an average of two to three hours of overtime each week for Defendant for which he was not compensated.

24. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all of the hours over forty (40) per week.

## IV.

## LEGAL ALLEGATIONS AND CLAIMS FOR RELIEF

25. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

### A. FLSA Overtime Violations

26. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

27. At all relevant times, Defendant has been, and continues to be, Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

28. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

29. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

30. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

31. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

32. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

33. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

B.  AMWA and Overtime Violations

34. The AMWA requires employers to pay each employee for hours worked in excess of forty per week "at a rate not less than one and one-half (1 1/2) times the regular rate of pay at which he or she is employed." A.C.A. § 11-4-211.

35. Defendant failed to pay Plaintiff overtime wages as required under the AMWA for hours that he worked in excess of forty per week.

36. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

## V.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff William Hull respectfully prays as follows:

    A.    That Defendant Henderson Specialties, Inc., be summoned to appear and answer this Complaint;

    B.    For an order of this Honorable Court entering judgment in his favor against Defendant for his actual economic damages in an amount to be determined at trial;

    C.    For liquidated damages as provided for under the FLSA and the AMWA;

    D.    For attorneys' fees, costs, and pre-judgment interest; and

    E.    For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**PLAINTIFF WILLIAM HULL**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: _____
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com